Willmore F. Holbrow, III (SB# 169688)
bill_holbrow@bstz.com
James W. Ahn (SB#243335)
james_ahn@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel:  (310) 207-3800
Fax:  (310) 820-5988

Attorneys for Plaintiff SPIRIT CLOTHING COMPANY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SPIRIT CLOTHING COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOXERCRAFT INCORPORATED, a Georgia corporation,<br><br>Defendant. | Case No. 17-CV-03254<br><br>**COMPLAINT FOR BREACH OF CONTRACT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

## JURISDICTION, VENUE AND PARTIES

1. This is an action for preliminary and permanent injunctive relief and for damages arising from Boxercraft Incorporated, a Georgia corporation (hereinafter "Defendant"), infringement of Plaintiff Spirit Clothing Company's (hereinafter "Plaintiff" or "Spirit") trademarks, Defendant's violation of 15 U.S.C. §§1114 and 1125(a), for trademark infringement, passing off, breach of contract, and unfair competition under the common law and the laws of the State of California.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.

3. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business at 2211 East 37th Street, Los Angeles, California 90058.

4. Plaintiff is informed and believes that at all times material hereto, Defendant Boxercraft Incorporated, a Georgia corporation, has a principal place of business located at 7131 Discovery Boulevard, Mableton, Georgia 30126.

5. This Court has personal jurisdiction over Defendant, as Defendant does business in this judicial district, Defendant's conduct directly affects Plaintiff which resides in this judicial district, Defendant directs marketing and advertising in California, and this Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq.

6. Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff is a well-known clothing company in this District and various other districts and is known in the clothing marketplace as "Spirit."

8. In light of its longstanding use of SPIRIT as a trademark ("SPIRIT MARK"), since at least as early as 1983, on a wide array of clothing products, it has created a significant amount of goodwill and consumer recognition in the SPIRIT MARK.

9. Plaintiff is also the owner of U.S. Trademark Registration No. 3,200,974 registered on January 23, 2007, for the SPIRIT DESIGN MARK for use on clothing, namely, shirts, tops, crews, football jerseys, tanks, camis, cardigans, tunics, sweatshirts, coverups, shorts, pants, foldover pants, capris, skirts, foldover skirts, dresses, jackets, robes, and hats. (Collectively the SPIRIT MARK and the SPIRIT DESIGN MARK are known as the "SPIRIT MARK").

10. The SPIRIT DESIGN MARK is incontestable pursuant to 15 U.S.C. §1065.

11. At least as early as 1999, Plaintiff began marketing a distinctive style of clothing, hereinafter referred to as the SPIRIT JERSEY DESIGN. The SPIRIT JERSEY DESIGN consists of a very unique and recognizable combination of stitching, lettering and sleeve placement and includes without limitation the placement of words across the back. The elements of the SPIRIT JERSEY DESIGN are non-functional, non-essential to the purpose of the clothing and do not affect the cost or quality of the clothing. The SPIRIT JERSEY DESIGN provides no utilitarian advantage as the unique combination of the dropped shoulders, noticeable seams and stitching, and the wording provide a distinct and unique appearance that is inherently distinctive and protectable as a trademark.

12. Plaintiff is also the owner of U.S. Registration No. 4,280,977, reflecting the SPIRIT JERSEY DESIGN, which was registered by the Patent and Trademark Office on January 22, 2013 for use on long sleeve shirts. In allowing the SPIRIT JERSEY DESIGN to be placed on the supplemental register, the examining attorney at the Patent and Trademark Office determined that the mark was non-functional.

13. Plaintiff, many years ago, and well before Defendant's conduct complained of herein, began using the terms SPIRIT JERSEY and/or SPIRIT FOOTBALL JERSEY to refer to its products featuring the SPIRIT JERSEY DESIGN, creating an association, in the minds of purchasers, between Spirit, SPIRIT JERSEY and the SPIRIT JERSEY DESIGN.

14. Plaintiff and Defendant were previously involved in a lawsuit in which Plaintiff asserted claims against Defendant for trademark infringement and false designation of origin under 15 U.S.C. §§1114 and 1125(a), passing off, and unfair competition, *Boxercraft Incorporated v. Spirit Clothing Company,* Case No. 1:14-CV-00684-HLM (N.D. Ga.) *consolidated with Spirit Clothing Company,* Case No. 1:14-CV-02165-RLV (N.D. Ga.) ("Georgia cases"). The primary focus of the lawsuit, consisted of Plaintiff's allegations against Defendant that it was selling products which infringed the SPIRIT JERSEY DESIGN and U.S. Registration No. 4,280,977.

15. The parties settled the Georgia lawsuit and entered into a Settlement Agreement and a License Agreement on or about September 2014. The License Agreement allows Defendant to sell products incorporating the SPIRIT JERSEY DESIGN, only under certain conditions.

16. Defendant is marketing and selling long sleeve shirts consisting of the SPIRIT JERSEY DESIGN through various channels including retail stores in a manner not permitted under the Agreements. Sales of such products are not licensed products and constitute a breach of the Agreements.

17. Defendant markets its goods through the same or similar channels as Plaintiff markets its goods.

18. Defendant's goods, which feature the SPIRIT JERSEY DESIGN, are such that prospective purchasers or consumers of the goods of Defendant and the goods of Plaintiff, are likely to be confused as to source.

19. Defendant's use in commerce of the SPIRIT JERSEY DESIGN is causing and is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the products.

20. Plaintiff is informed and believes that Defendant deliberately misappropriated Plaintiff's SPIRIT JERSEY DESIGN in order to trade upon the goodwill which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of such products and services, which in fact do not originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff. Defendant intentionally and knowingly misappropriated Plaintiff's SPIRIT JERSEY DESIGN with oppression, fraud and malice.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

21. Plaintiff hereby incorporates by reference paragraphs 1 to 20 above.

22. Defendant's actions constitute breach of the Settlement Agreement and/or the License Agreement ("Agreements").

23. Plaintiff granted Defendant permission to sell products covered by U.S. Registration No. 4,280,977 incorporating the SPIRIT JERSEY DESIGN, subject to specific restrictions and limitations.

24. Defendant violated the terms of the Agreements by selling products incorporating the SPIRIT JERSEY DESIGN in breach of the Agreements.

25. As a result of Defendant's breach of the Agreements, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

26. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 to 25 above.

27. Defendant's continued and unauthorized use of the SPIRIT JERSEY DESIGN, which is outside the scope of the Agreements, constitutes trademark infringement under 15 U.S.C. §1114.

28. Defendant's wrongful use in commerce of the SPIRIT JERSEY DESIGN is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendant's products and services and (ii) to deceive purchasers of such products into believing that Plaintiff controls the quality thereof and endorses the same.

29. Defendant's acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

30. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's trademark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of trademark infringement.

31. Plaintiff is further entitled to recover from Defendant, damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of trademark infringement.

32. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of trademark infringement.

## THIRD CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

33. Plaintiff re-alleges and hereby incorporates by reference paragraphs 1 to 32 above.

34. Defendant's actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

35. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to sell products confusingly similar to Plaintiff's SPIRIT JERSEY DESIGN, outside the scope of the Agreements, and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

36. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of false designation of origin.

37. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of false designation of origin.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION

38. Plaintiff hereby incorporates by reference paragraphs 1 to 37 above.

39. Defendant's actions constitute unfair competition under the common law.

40. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's SPIRIT JERSEY DESIGN and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them from engaging in further acts of unfair competition.

41. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of unfair competition.

42. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of unfair competition.

43. Defendant has engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the public; Plaintiff is therefore entitled to punitive damages to deter Defendant and others from again engaging in such misconduct in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. Finding that Defendant has violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Plaintiff's SPIRIT JERSEY DESIGN, has unfairly competed with Plaintiff by falsely designating the origin of its products, has breached the terms of the Agreements, and has engaged in other acts of unfair competition;

2. Ordering that Defendant and their officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Offering for sale, soliciting sales, or selling any products in any product under any mark, name, symbol, logo, configuration or other indicia that incorporates or is confusingly similar to Plaintiff's SPIRIT JERSEY DESIGN, outside the scope of the Agreements;

    b. Infringing upon the SPIRIT JERSEY DESIGN;

    c. Unfairly competing with Plaintiff in any manner whatsoever;

3. Ordering that Plaintiff is the exclusive owner of the SPIRIT JERSEY DESIGN and that such mark is valid and enforceable;

4. Ordering that Defendant account to Plaintiff for, and disgorge, all profits Defendant has derived by reason of the wrongful acts described above.

5. Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of Defendant's aforesaid acts of breach of the Agreements and infringement in violation of Plaintiff's rights under the Lanham Act;

6. Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

7. Ordering that Defendant pay Plaintiff reasonable attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. §1117, and other and further legal and equitable relief as is just and proper.

8. Ordering that Defendant be directed under 15 U.S.C. §1116 to file with the Court and serve upon Plaintiff within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

9. Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

Dated: May 1, 2017

/s/Willmore F. Holbrow, III
Willmore F. Holbrow, III
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
Attorneys for Plaintiff
SPIRIT CLOTHING COMPANY

9

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated: May 1, 2017

                    /s/Willmore F. Holbrow, III
                    Willmore F. Holbrow, III
                    BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
                    Attorneys for Plaintiff
                    SPIRIT CLOTHING COMPANY